IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| KENNY EDGEMON, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00134-O-BP |
| § | |
| DIRECTOR TDCJ - CID, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Kenny Edgemon's ("Edgemon") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1) on August 28, 2018 and Petitioner's amended habeas corpus petition (ECF No. 5) filed using the Court's § 2254 Habeas Form on September 17, 2018. After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITH PREJUDICE** the amended habeas corpus petition (ECF No. 5) as time-barred and for failure to exhaust state remedies.

**I.    FACTUAL BACKGROUND**

Edgemon is an inmate confined in the Powledge Unit of the Texas Department of Corrections in Palestine, Texas, and brings this action pursuant to 28 U.S.C. § 2254. (ECF No. 5). Edgemon seeks to challenge the validity of his state conviction for possession of a controlled substance, namely methamphetamine and ketamine. See Texas Department of Criminal Justice, Offender Information Details, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.

action?sid=06666860 (last visited Jan. 29, 2019); (*see also* ECF No. 1 at 4-5). After pleading guilty in Cause No. 53,889-C in the 89th Judicial District Court of Wichita County, Texas, Edgemon was sentenced to ten years imprisonment. (ECF No. 5 at 2-3). Edgemon seeks federal habeas relief challenging his conviction, alleging ineffective assistance of counsel, violation of his rights under the Fourth Amendment to the United States Constitution, violation of his due process rights, and abuse of discretion by the state trial judge. (*Id.* at 3-4). In his amended petition, Edgemon stated that he did not appeal the judgment of conviction of the state court. (*Id.* at 3). He also identified no state applications for writ of habeas corpus that he had previously filed and only identified the pending federal application for writ of habeas corpus. (*Id.*).

## II.     LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III.  ANALYSIS

Edgemon was found guilty by the state court of the offense at issue on January 5, 2017. (ECF No. 5 at 2). He did not file a direct appeal of his conviction. (*Id.* at 3). His conviction, therefore, became final under the applicable AEDPA subsection on February 4, 2017—the last day on which he could have timely filed a direct appeal of his conviction. 28 U.S.C. § 2244(d)(1) ("The limitation period shall run from the latest of – (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review"); Tex. R. App. P. 26.2(a)(1). Therefore, the one-year period in which Edgemon was required to file a petition for writ of habeas corpus regarding his conviction expired on February 4, 2018. Edgemon did not timely file a petition for writ of habeas corpus. The pending case was filed on August 28, 2018. Therefore, Edgemon's claims are barred by the AEDPA limitations period.

Edgemon is not entitled to statutory tolling of the limitations period. He has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States; any right newly recognized by the Supreme Court made retroactive on collateral review; or any undiscovered factual predicate underlying his grounds for relief.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). Under Fifth Circuit precedent, this one-year period of limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 712 (5th

Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant concerning the deadline for filing an action). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (actual innocence, *pro se* status, and ignorance of the law do not constitute "rare and exceptional" circumstances); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation,"

"unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).

In the instant case, Edgemon meets neither part of the test for equitable tolling. He has not demonstrated the exercise of diligence in pursuing his remedies, and he has not shown extraordinary circumstances that could excuse his failure to pursue his remedies in a timely manner. *See Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (declining to extend equitable tolling where tolling argument did not explain prisoner's eleven-month delay in seeking state post-conviction relief); *Byrd v. Thaler*, No. 4:10-CV-715-A, 2011 WL 208402, at *5 (N.D. Tex. Jan. 24, 2011) (finding federal petition time-barred where, even assuming state court error, petitioner waited almost five months to file (prematurely) a federal petition, and almost eleven months to file a state habeas application). Accordingly, Edgemon's claims are subject to dismissal as barred by the statute of limitations.

Moreover, pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must fully exhaust state remedies before seeking federal habeas relief. The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies requires submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Edgemon has not satisfied the exhaustion requirement because he has not completed one round of the Texas appellate review process. A review of the state court appellate docket confirms

that he did not appeal his conviction or file any state court applications for writs of habeas corpus. *See* TAMES Search, http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=cat (search Style Edgemon and search Trial Court Case No: 53,889). Edgemon was required to fully exhaust available state remedies before submitting his federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A). He failed to do so. Accordingly, because Edgemon has failed to exhaust his state remedies, his Section 2254 petition should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITH PREJUDICE** the amended petition for writ of habeas corpus (ECF No. 5) as time-barred and for failure to exhaust state remedies.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **January 29**, **2019**.

                                                  _____
                                                  Hal R. Ray, Jr.
                                                  UNITED STATES MAGISTRATE JUDGE